**UNITED STATES of America,**
**Appellee,**

v.

**Latanya PIERCE, Also Known as Sealed Defendant 2, Ifeanyichukwu Eric Abakporo, Also Known as Sealed Defendant 1, Defendants–Appellants.**

**Nos. 14–1945–cr(L), 14–2000–cr(CON).**

United States Court of Appeals,
Second Circuit.

May 23, 2016.

Michael Lockard & Margaret Garnett, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for The United States of America.

John M. Burke, Law Office of John Burke, Okechukwu Valentine Nnebe, Nnebe & Associates, P.C., Brooklyn, NY, for Latanya Pierce.

Robert W. Ray, Justin J. Krane & Alexandra C. Scanlon, Fox Rothschild LLP, New York, NY, Ifeanyichukwu Eric Abakporo, Pro Se, Philipsburg, PA, for Ifeanyichukwu Eric Abakporo.

PRESENT: JOSÉ A. CABRANES, CHESTER J. STRAUB and RAYMOND J. LOHIER, JR., Circuit Judges.

**SUMMARY ORDER**

Defendants-appellants Latanya Pierce and Ifeanyichukwu Eric Abakporo appeal from the District Court's December 4, 2014 judgments of conviction, which followed their three-week jury trial. Defendants raise numerous arguments in their counseled briefs. Abakporo also raises several additional arguments in a separate brief that he filed *pro se.*[1]

---

1. Abakporo was a licensed attorney before he was automatically disbarred as a result of his

conviction in this case. *See In re Ifeanyichukwu Eric Abakporo,* 130 A.D.3d 24, 8 N.Y.S.3d

Upon independent review of the record and relevant law, we affirm, substantially for the reasons stated by the District Court in the pertinent oral and written rulings and decisions it issued before, during, and after trial. As for defendants' arguments that were not presented to the District Court, we have reviewed them carefully, and find them equally unpersuasive.

## CONCLUSION

We have considered all of defendants' arguments and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's December 4, 2014 judgments of conviction.

587 (2015). While "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," it is also well established that "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir.2010). Because the rationale for this latter rule is that an attorney "is experienced in litigation and familiar with the procedural setting presented," *id.* at 102, it extends to disbarred attorneys such as Abakporo, *cf. Mitchell v. Con Edison*, 531 Fed. Appx. 140, 141 (2d Cir.2013) (summary order) (holding that a disbarred attorney is not entitled to special solicitude); *In re Truong*, 327 Fed.Appx. 260, 262 (2d Cir.2009) (summary order) ("[A]lthough [the appellant] is proceeding *pro se*, he is an attorney, albeit a disbarred one."). Accordingly, we afford no special solicitude to Abakporo here.